**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4643
_____

CHARLES A. MORGAN,

                Appellant

v.

JOHN J. LAMANNA
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00261)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2005

Before:   ALITO, SMITH and COWEN <u>Circuit</u> <u>Judges</u>

(Filed : September 26, 2005)

_____

OPINION
_____

PER CURIAM

      Charles A. Morgan, pro se, appeals an order of the United States District Court for the Western District of Pennsylvania denying his habeas petition filed pursuant to 28

U.S.C. § 2241.  We will deny a certificate of appealability.

During a two-month span in 1989, Morgan raped and orally sodomized several women while threatening them with a large hunting knife.  He was charged with and convicted of one of the assaults in the District of Columbia Superior Court.  In 1991, the Superior Court sentenced him to twelve to thirty-six years' imprisonment.[1]  Although he was convicted in the District of Columbia, at the time he filed his § 2241 petition, Morgan was incarcerated in a federal correctional institution in Pennsylvania.[2]  See United States Parole Comm'n v. Noble, 693 A.2d 1084, 1086 n.2 (D.C. 1997).

In 1998, under the jurisdiction of the United States Parole Commission ("Commission"), Morgan had an initial parole hearing at which the examiner recommended granting parole as of April 1999.  A second hearing examiner, however, recommended obtaining additional information before making a decision.  This inquiry yielded information from the prosecutor about the additional uncharged violent sexual assaults that Morgan committed during the two-month period in 1989.  The hearing examiners recommended a new hearing based on the information.

At the new hearing in April 1999, Morgan sought to contradict the victims' accounts of the other assaults with his own testimony that they were consensual

---

[1] The Superior court made the rape sentence consecutive to a prior sentence of twenty months to fifteen years for violation of the Bail Reform Act.

[2] It appears that he has since been relocated to a federal correctional institution in Virginia.

encounters. The hearing examiners discredited Morgan's testimony and, although the parole guidelines recommended paroling Morgan, denied parole and reset a hearing date for sixty months later. The basis for this decision was that Morgan's total point score for his parole review did not accurately reflect the threat that Morgan posed to the community given his repeated acts of violent sexual assault in a short amount of time. The Commission agreed with the hearing examiner's recommendation.

Morgan twice sought to reopen his parole proceedings. First he sought to do so by attacking the credibility of the victims' accounts, which was unsuccessful. He later sought to reopen based on the fact that he had obtained educational credits while in prison. On that basis, the Commission reopened his proceedings in 2001, and moved his hearing up to early 2003. After Morgan's hearing, the examiner recommended that he be paroled in March 2003. The executive hearing examiner suggested that the Commission obtain a risk assessment before making a decision on Morgan's parole.[3] The Commission then denied parole and set reconsideration for January 2006–beyond what was suggested by the parole guidelines. The basis for this decision was that Morgan's base point score did not reflect the extreme level of violence and the repeated nature of his acts. It was also affected by the fact that, while in prison in 1997, Morgan had viewed pornography and randomly telephoned women that he did not know.

---

[3] The Commission was unable to obtain a new risk assessment and instead made its decision based on what was already contained in its records, which included a risk assessment from earlier in Morgan's incarceration period.

In August 2003, Morgan filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Morgan claimed (1) that the Commission "double-counted" aggravating factors by considering the same information at both parole hearings; (2) that the Commission relied on incorrect information regarding his involvement in the other sexual assaults; (3) that the Commission failed to consider important information regarding his risk assessments and challenges to the uncharged offenses when it decided to deny parole; and (4) that the Commission lacked good cause to depart from the parole guidelines.

The Magistrate Judge concluded that claim one was meritless because the Commission could fairly consider the nature of Morgan's acts and use that as a reason to depart from the parole guidelines even if such a factor was considered during sentencing. The Magistrate Judge further concluded that Morgan's double-counting claim failed because the Commission articulated a rational basis for departing from the parole guidelines–Morgan's violent use of a dangerous weapon in multiple sexual assaults.

As to Morgan's second claim, the Magistrate Judge concluded that the Commission had properly considered evidence of Morgan's uncharged sexual assaults. Cf. United States ex rel. Goldberg v. Warden, 622 F.2d 60, 64 (3d Cir.), cert. denied, 449 U.S. 871 (1980) (permitting Commission to consider dismissed counts of indictment). The Magistrate Judge also noted that Morgan's assertion that the Commission failed to consider his version of the assaults was unsupported by the record given that Morgan was

permitted to testify about the incidents.

Regarding Morgan's third claim, the Magistrate Judge again concluded that Morgan's assertion that the Commission failed to consider important information was unsupported by the record.

As to his remaining claim, the Magistrate Judge concluded that the Commission properly departed from the parole guidelines because they did not fully account for the extreme violence of Morgan's actions. Such a departure was contemplated in the District of Columbia Code as augmented by federal regulations. See 28 C.F.R. § 2.80(n); see, e.g., Hall v. Henderson, 672 A.2d 1047, 1055-56 (D.C. 1996). For the above reasons, the Magistrate Judge recommended that Morgan's petition be denied. The District Court adopted the Magistrate Judge's report and recommendation and denied Morgan's petition. Morgan timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

For purposes of federal habeas relief, Morgan's conviction and sentence in the District of Columbia make him a state prisoner. See Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002). Because Morgan is a state prisoner and is in custody pursuant to a state judgment, his only recourse for federal habeas relief challenging his sentence or execution thereof is 28 U.S.C. § 2254. See 28 U.S.C. § 2254; Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). Morgan must obtain a certificate of appealability to pursue this appeal because he seeks to appeal the final order entered in a proceeding in which he challenged his continued detention, which arose from "state

process issued by a state court." See 28 U.S.C. § 2253(c)(1)(A); Madley, 278 F.3d at 1310. Morgan's notice of appeal and appellate brief will suffice as his request for a certificate of appealability. See Coady, 251 F.3d at 486-87.

To obtain a certificate of appealability, Morgan must make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). He must, therefore, show that reasonable jurists could disagree about whether the District Court's resolution of his claims was correct or could conclude that the issues presented were adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Under this standard we engage in only a threshold inquiry into Morgan's claims. See id.

A federal court's review of a decision by the Commission is limited to an inquiry whether a rational basis exists in the record for conclusions drawn in the Commission's statement of reasons for denial of parole. See Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000).[4] A federal court should also consider whether the Commission followed applicable statutes to a degree that ensures that the decision is not arbitrary and capricious. See id. In light of the repeated aggravated and violent nature of Morgan's offenses, the Commission clearly had a rational basis to depart from the guideline ranges

---

[4] In Furnari, the prisoner in question was a regular federal offender, not a District of Columbia offender. The standard set forth in Furnari would apply here, however, because the discretion granted to the Commission to review parole for District of Columbia offenders is similar to that given for parole review of regular federal offenders. Compare 28 C.F.R. 2.73 (2003), with 28 C.F.R. 2.18 (2003).

for determining parole eligibility.  See 28 C.F.R. § 2.80(n) (2000).  Additionally, because the Commission adhered to the regulations in § 2.80, its decision to deny parole cannot be characterized as arbitrary and capricious.  In light of the limited review permitted to the District Court in this case, the District Court properly denied Morgan's petition.

Accordingly, we conclude that jurists of reason could not debate the correctness of the District Court's decision.  We will, therefore, deny Morgan's request for a certificate of appealability.  See Miller-El, 537 U.S. at 336.